

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SUSAN AND KEITH RUBIO                                           PLAINTIFFS

VERSUS                                        CAUSE NO. 1:16cv441 HSO-JCG

AETNA LIFE INSURANCE COMPANY
BOYD GAMING CORPORATION
AND JOHN DOES 1-5                                               DEFENDANTS

COMPLAINT
(JURY TRIAL DEMANDED)

Plaintiff, Susan Rubio files the following Complaint against Aetna Life Insurance Company, Boyd Gaming Corporation and John Does 1-5:

PARTIES

1. Plaintiff Susan Rubio is an adult resident citizen of state of Mississippi who resides in Bay Saint Louis, MS.

2. Defendant Aetna Life Insurance Company ("Aetna") is and at all times herein mentioned is a business entity authorized to transact business in the State of Mississippi and may be served with process of this Court through the Mississippi Department of Insurance.

3. Defendant Boyd Gaming Corporation ("Boyd") is and at all times herein mentioned is a business entity authorized to transact business in the State of Mississippi and may be served with process of this Court through its Registered Agent Toni Burns at 1477 Casino Strip Blvd., Robinsonville, Mississippi.

1

4. Does 1-5 are currently unknown persons or corporations who in some way contributed to or are responsible for the losses suffered by Susan Rubio.

## JURISDICTION AND VENUE

5. The instant action arises under the ERISA. The Court has subject-matter jurisdiction in this case pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1), (f). Venue is proper under 28 U.S.C. § 1391(b) and 29 U.S.C. § 1132(e)(2).

6. This Court has jurisdiction pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§, *et seq.* ("ERISA"), over which this Court possesses original jurisdication pursuant to 29 U.S.C. § 1132 (e) and 28 U.S.C. § 1131.

7. Venue is appropriate in this District because Defendant Aetna is authorized to transact business in the State of Mississippi and may be found in this District. 29 U.S.C. § 1132 (e)(2).

## FACTS

8. Plaintiff Susan Rubio was employed as Human Resources Director by Boyd Gaming at its Treasure Chest Casino beginning May 5, 2000. As a part of its employee benefits package, Boyd Gaming offered employees certain benefits including life insurance and long-term disability insurance included in Group Insurance Policy No. GP-838913 ("the Plan").

9. Plaintiff takes advantage of these offers and subscribes in the Boyd Gaming Benefit Plan ("The Plan") administered by Defendant Aetna. See Summary Plan

Description attached as Exhibit "A". As a group member, Susan Rubio is afforded a "Company-Paid Basic Life" insurance policy with benefits of $160,000.00 and chooses to purchase a "Voluntary Term Life" insurance policy life insurance with benefits of $100,000.00, for a total of $260,000.00 in life insurance benefits. See Exhibit "A".

10. Plaintiff Keith Rubio is named as beneficiary under Susan Rubio's life insurance policies ("The Policies"). Exhibit "A".

11. Under the Plan, Plaintiff was eligible for a life insurance waiver of premium benefit by which Aetna promised to suspend premiums and continue term life insurance coverage while Plaintiff is disabled.

12. Plaintiff received coverage under the Plan as a "participant" as defined by 29 U.S.C.§ 1002(7).

13. The Plan was and is an employee welfare benefit plan governed by ERISA. Aetna was and remains the de facto co-plan administrator and co-claims fiduciary of the Plan. As the payor of benefits and the claims administrator of the Plan, Aetna operates under a structural conflict of interest, as defined by *Abatie v. Alta Health and Life Ins. Co.*, 458 F. 3d 466 (9th Cir. 2006) (en banc) and *Metropolitan Life Ins. Co. v. Glenn*, 544 U.S. 105 (2008).

14. As a "Regular Full-Time Field Representative" earning more than $40,000 annually, at all relevant times the Policy provided the following definition of disability applicable to Plaintiff as to her LTD claim:

You are disabled when Aetna determined that:

3

- you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and

- you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.

15. The following definition of disability applies to Plaintiff's Waiver of Premium claim:

You are disabled when Aetna determines that:

- during the elimination period, you are not working in any occupation due to your injury or sickness; and

- after the elimination period, due to the same injury or sickness, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by training, education or experience.

16. At all material times herein, Plaintiff complied with all the material provisions pertaining to the Plan or compliance was waived by Defendants, or both.

17. On or about March 16, 2012, Susan Rubio is diagnosed with Malignant Neoplasm of the Upper Breast. As a result of such condition, Susan Rubio is required to undergo several surgeries and an extended recuperation. Both the Plan and the Policies are in full force and effect as of the date of such diagnosis and surgeries.

18. Susan Rubio's medical condition renders her unable to work. Her last day of work was August 07, 2012.

19. Under the Plan, short-term disability ("STD") benefits are approved for Susan Rubio for the period August 08, 2012 to November 5, 2012. STD benefits are extended until February 05, 2013.

4

20. Long-term disability benefits ("LTD") were approved by the Plan beginning February 4, 2013 for 24 months based on Susan Rubio's physical condition (See Exhibit "B") and later extended through June 11, 2015.

21. Pursuant to the Plan terms, the premiums due on the life insurance policies are waived during the period of disability.

22. Susan Rubio is awarded Social Security Disability ("SSDI") benefits beginning February 2013, which Aetna offsets against her LTD benefits.

23. Susan Rubio's LTD benefits are terminated by Aetna on June 12, 2015.

24. Plaintiff timely files an appeal with Aetna on July 20, 2015. Aetna denies her appeal on February 16, 2016. See Exhibit "C".

25. A review of the decision is requested and denied by letter dated February 23, 2016. See Exhibit "D".

26. Aetna's actions are contrary to the terms of the Plan and Mississippi law and have no reliable evidentiary support. Aetna's actions are also contrary to the reports and assessments of the doctors who have evaluated and treated Plaintiff. Aetna's determination denied Plaintiff due process of law. In adjudicating Plaintiff's claims, Aetna's actions fell well below the "higher-than-marketplace quality standards" imposed by ERISA according to *Metropolitan Life Ins. Co. v. Glenn*, 128 S.Ct. 2343, 2350 (2008).

27. As a direct and proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff suffered damages as outlined below.

28. As a result of the actions of Defendants, and each of them, Plaintiff Susan Rubio has been improperly denied LTD and Waiver of Premium benefits due since June 11, 2015, together with interest thereon and has suffered further and severe economic hardship and emotional distress.

29. As a further result of the actions of Defendants, and each of them, Plaintiffs has been required to engage the services of legal counsel for the purpose of obtaining insurance benefits.

## DUTIES OWED BY AETNA

30. As Administrator of the Plan, Aetna has the fiduciary duty to administer the plan in accordance with the documents and instruments governing the plan, provided that such documents and instruments are consistent with the applicable statutory requirements." 29 U.S.C. § 1104(a)(1)(D).

31. Aetna was at all times operating under a structural conflict of interest and owed Plaintiffs a fiduciary duty that weighs in favor of a determination of coverage.

## DUTIES VIOLATED BY AETNA

32. Aetna's decision to terminate benefits was arbitrary and capricious, an abuse of discretion, was without reason, unsupported by substantial evidence, and erroneous as a matter of law.

33. Aetna's conflict of interest lead it to abuse of its discretion in denying benefits to Plaintiff Susan Rubio.

34. Under *Firestone*, a conflict of interest under the Employee Retirement Income Security Act, 29 U.S.C.S. § 1001 et seq., should be weighed as a factor in determining whether there is an abuse of discretion.

FIRST CAUSE OF ACTION
RECOVERY OF EMPLOYEE BENEFITS: LTD BENEFITS
(AGAINST AETNA AND DOES 1-5; 29 U.S.C. § 1132(A)(1)(B))

35. Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 34 of this Complaint as though fully set forth herein.

36. At all relevant times, Plaintiff was insured under the Plan and Defendants were Responsible for the administration and handling of Plaintiff's benefits.

37. At all material times herein, Plaintiff Susan Rubio has complied with all the material provisions pertaining to the Plan, and/or compliance has been waived or Defendants are estopped from asserting non-compliance.

38. While the Plan was in full force and effect, Plaintiff Susan Rubio became and remains totally disabled and entitled to receive LTD benefits under the Plan.

39. Contrary to the evidence and arguments presented to it, Aetna terminated Plaintiff's claim for benefits, and has refused and continues to refuse to make full disability payments to Plaintiff in the appropriate amount due. Plaintiff appealed Aetna's most recent termination of benefits and

exhausted her administrative remedies. The appeal was denied by Aetna on February 16, 2016.

40. Defendants' refusal to reinstate Plaintiffs benefits violates the terms of the Plan and applicable ERISA regulations, and Defendants' actions are wrongful, arbitrary and capricious. At all material times herein, Defendants, and each of them, failed and refused to honor the Plan. Defendants are therefore liable for all benefits due under the Plan and Aetna's policy, which have been improperly terminated.

41. As a proximate result of Defendants' actions, Plaintiff Susan Rubio has been deprived of her disability benefits to which she was and is entitled, and has suffered damages as set forth above in paragraphs 8-29.

### SECOND CAUSE OF ACTION
### RECOVERY OF EMPLOYEE BENEFITS: WAIVER OF PREMIUM BENEFITS AGAINST AETNA AND DOES 1-10; 29 U.S.C. § 1132(A)(1)(B))

42. Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43. At all relevant times, Plaintiff was insured under the Group Policy and Aetna was responsible for the administration and handling of Plaintiff's Waiver of Premium benefits.

44. At all material times herein, Plaintiff has complied with all the material provisions pertaining to the Plan, or compliance has been waived or Aetna is estopped from asserting non-compliance, or both.

45. While the Plan was in full force and effect, Plaintiff became, and remains, disabled and entitled to Waiver of Premium benefits under the Plan.

46. Contrary to the evidence and argument presented to it by Plaintiff, Aetna terminated Plaintiffs claim for Waiver of Premium benefits, and has refused and continues to refuse to reinstate such claim for Waiver of Premium benefits. Plaintiff appealed Aetna's termination of benefits—which was denied by Aetna on February 16, 2016—and thus exhausted her administrative remedies.

47. Aetna's termination of Plaintiff's Waiver of Premium benefits violates the terms of the Plan, and Aetna's actions in administering Plaintiff's Waiver of Premium claim and in terminating Waiver of Premium benefits was wrongful, arbitrary and capricious. At all material times herein, Aetna failed and refused to honor the Plan. Aetna is therefore liable for all Waiver of Premium benefits due under the Plan, which have been improperly terminated. Plaintiff's disability has rendered her unable to work in any capacity whatsoever for the duration of the maximum benefit period under the Plan.

48. As a proximate result of Aetna's actions, Plaintiff has been deprived of her Waiver of Premium benefits to which she was and is entitled, and has suffered damages as set forth above in paragraphs 8-29. Plaintiff further seeks a declaration as to her entitlement to benefits, to wit: an injunction prohibiting Aetna from

terminating her Waiver of Premium benefits until the end of the maximum benefit period, or such other declaration the Court deems proper.

### THIRD CAUSE OF ACTION
### EQUITABLE RELIEF
### (AGAINST AETNA AND DOES 1-10; 29 U.S.C. §1132(A)(3))

49. Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 48 of this Complaint as though fully set forth herein.

50. At all material times herein, Defendants, and each of them, were fiduciaries with respect to their exercise of authority over the management of the Plan, disposition of Plan assets, and administration of the Plan.

51. Plaintiff asserts against Aetna a breach of fiduciary duty claim, both as an individual Plan participant and on behalf of all other the participants and beneficiaries of the Plan.

52. Plaintiff asserts that a claim for benefits due under the Plan does not provide her with an adequate remedy at law in light of Aetna's continuing course of conduct in violating the terms of the Plan and applicable law as described below.

53. Defendants, and each of them, were obliged to discharge their duties solely in the interests of beneficiaries and participants for the exclusive purpose of providing beneficiaries and participants with all benefits due, defraying reasonable expenses of the Plan, using all prudent skill and diligence in accordance with the documents and instruments governing the Plan.

54. At all material times herein, Defendants, and each of them, violated these duties by, inter alia, the following:

A. Consciously, unreasonably and intentionally and without justification denying full payment due for Plaintiffs claim for disability benefits, despite knowledge that Plaintiff and similarly situated claimants qualify for such benefits under the terms and conditions of her compensation agreement;

B. Consciously and unreasonably delaying the decision concerning Plaintiffs claim, and related claims and/or similar claims, for disability benefits;

C. Consciously and unreasonably failing to investigate all bases upon which to pay and honor Plaintiffs claim, and related claims and/or similar claims, for benefits and consciously and unreasonably failing to investigate all bases to support coverage, fairly and in good faith and refusing to give Plaintiffs interests or the interests of the Plan at least as much consideration as they gave their own;

D. Consciously and unreasonably asserting improper bases for denying full payment of Plaintiff s claim, and related claims and/or similar claims, for disability benefits;

E. Consciously and unreasonably delaying, refusing, and continuing to refuse to pay Plaintiff benefits, and related claims and/or similar claims for benefits, properly payable under the Plan and to deprive Plaintiff of the full amount of rightful benefits with the knowledge that said delays and denials were and are wrongful and contrary to their obligations under the Plan and the law, including

intentionally failing to apply the correct definition of monthly earnings to all of the Plan participants to whom that definition applies;

F. Consciously and unreasonably failing to adopt and implement reasonable or proper standards applicable to the prompt and fair investigation, processing and adjudication of Plaintiffs claim, and related claims and/or similar claims, under the Plan;

G. Consciously and unreasonably interpreting the Plan in a manner designed to deny and minimize benefits and in a manner which thwarts the reasonable expectations of the Plan's beneficiaries and participants in order to maximize its own profits and minimize the benefits it pays claimants;

H. Consciously and unreasonably refusing to pay Plaintiffs claim, and related claims and/or similar claims, with the knowledge that Plaintiffs claim and similar claims are payable and with the intent of boosting profits at Plaintiffs and other claimants' expense;

I. Consciously and unreasonably failing to follow the terms of the Plan and applicable regulations governing the administration of claims, the review of denied claims, and required production of relevant documents; and

J. Consciously and unreasonably engaging in a selective review of the evidence presented in an effort to minimize the evidence supporting the continuation of benefits while focusing exclusively on evidence supporting the termination of benefits.

55. Plaintiff further requests judgment permanently enjoining Defendants from ever again serving as a fiduciary with respect to the Plan, together with attorneys' fees and costs. In addition, Plaintiff seeks appropriate equitable relief from the Defendants, and each of them, including an order by this Court that the full amount of benefits due since June 12, 2015 be paid with interest on all retroactive payments due and owing, disgorgement of profits, make-whole relief, that Defendants be enjoined from terminating benefits for the duration of the applicable maximum benefit period under the Plan, and that Plaintiff be placed in the position she would have been in had she been paid the full amount of benefits to which she is entitled, including, without limitation, interest, attorneys' fees and other losses resulting from Defendants' breach.

## AD DAMNUM

WHEREFORE, Plaintiffs pray as follows:

1. For a determination that Plaintiff is entitled to receive benefits under the Plan and an injunction mandating the payment of benefits to Plaintiff for the maximum benefit period under the Plan;

2. For damages according to proof;

3. For general damages according to proof;

4. For attorneys' fees and costs of suit incurred herein pursuant to 29 U.S.C. § 1132(g) and ERISA § 502(g);

5. For prejudgment interest on all LTD benefits that have accrued prior to the judgment;

6. For equitable and injunctive relief as set forth above, including disgorgement of profits and appropriate make-whole relief; and

7. For such other and further relief as the Court may find appropriate.

Respectfully submitted, this 21st day of December 2016,

                                  Plaintiffs, Susan and Keith Rubio

                                  By: _____
                                       David Baria

David Baria, MSB No. 8646
Baria-Jones, PLLC
153 Main Street
Bay St. Louis, MS 39520
Ph: (228) 270-0001; Fx: (601) 948-0306
Email: dbaria@barialaw.com

Brandon C. Jones, MSB NO. 101911
Baria-Jones, PLLC
308 East Pearl Street, Suite 302
Jackson, MS 39201
Ph. (601) 948-6016; Fx. (601) 948-0306
Email: bjones@barialaw.com